UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 6: 06-85-DCR |
| | ) | and |
| V. | ) | Civil Action No. 6: 15-226-DCR |
| | ) | |
| WILLIAM STEVENS, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Inmate William Stevens is confined by the Bureau of Prisons ("BOP") at the Federal Correctional Institution in Edgefield, South Carolina.  Proceeding without an attorney, Stevens has filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255.  [Record No. 79]  On March 27, 2007, he was sentenced to 188 months of imprisonment after pleading guilty to two counts of possessing with intent to distribute crack cocaine in violation of 21 U.S.C. § 841(a)(l).  [Record No. 33]  On July 10, 2008, Stevens requested a sentence reduction under 18 U.S.C. § 3582 and Amendment 782 of the United States Sentencing Guidelines ("U.S.S.G.").  The Court denied that motion because Stevens was sentenced based on his status as a career offender.  [Record Nos. 46; 47]

Stevens also directly appealed the judgment regarding his sentence.  [Record No. 36] However, the Sixth Circuit rejected Stevens' arguments and affirmed the judgment.  [Record No. 48]  Subsequently, Stevens unsuccessfully petitioned the Supreme Court for a writ of *certiorari*.  [Record No. 51]  Thereafter, Stevens filed another motion for a sentence

reduction under 18 U.S.C. § 3582, but the Court again denied the requested relief because of Stevens' status as a career offender and because he failed to appeal the Court's July 10, 2008, determination regarding his first § 3582 motion.  [Record Nos. 64; 65]  Next, Stevens filed a motion for leave to file a belated appeal regarding the Court's determination of his second § 3582 motion.  That motion was also denied.  [Record Nos. 68; 69]

The defendant has now moved the Court to vacate his sentence under 28 U.S.C. § 2255.  [Record No. 79]  Under this statutory section, a federal prisoner may bring a habeas action to argue that the imposition of his sentence violated the United States Constitution or federal law, the court lacked jurisdiction, his sentence exceeded the maximum penalty authorized by law, or the sentence is otherwise subject to collateral attack.  28 U.S.C. § 2255(a).  However, a one-year statute of limitation applies to § 2255 motions.  This period runs from the latest of: (i) the date on which judgment of the conviction becomes final; (ii) the date on which any illegal government-created impediment to the motion is removed; (iii) the date on which the right asserted was first recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (iv) the date on which the facts supporting the claim could have been discovered through the exercise of due diligence.  28 U.S.C. § 2255(f)(1)–(4).

Stevens asserts that his motion to vacate is not untimely because it is premised on *Johnson v. United States*, __ U.S. __, 135 S. Ct. 2551 (2015), which he claims announces a new substantive rule of constitutional law that applies retroactively to final convictions.[1]  28

---

[1]  Because Stevens' conviction became final when his writ of *certiorari* was denied in 2009, he cannot claim that his motion is timely under 28 U.S.C. § 2255(f)(1).  Nor does Stevens

U.S.C. § 2255(f)(3).  [Record No. 79-1, pp. 3−5]  In *Johnson*, the Supreme Court addressed the constitutionality of the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii),[2] holding that it violates due process because it is unconstitutionally vague.  *Johnson*, 135 S. Ct. at 2557.  Generally, the ACCA increases sentences for certain offenders who have three prior convictions for violent felonies or serious drug offenses.  *See* 18 U.S.C. § 924(e)(1).  Stevens contends that because *Johnson* held the residual clause in the ACCA is unconstitutionally vague, his enhanced sentence under the Sentencing Guidelines (by analogy) violates his right to due process set forth in the Fifth Amendment of the United States Constitution.  [Record No. 79-1, pp. 5−6]  Stevens seeks an order that vacates his current sentence and imposes a reduced sentence.  [*Id.*, p. 9]

The holding in *Johnson* is inapplicable under the facts of this case.  Stevens' sentence was not based on the residual clause of the ACCA.  The non-binding guideline range for his sentence was enhanced under U.S.S.G. § 4B1.1, based on his two prior felony convictions

---

contend that the government prevented him from making a motion or that he has discovered new evidence regarding the propriety of his sentence.  28 U.S.C. § 2255(f)(2),(4).

[2]    Defendants who are convicted of a controlled substance offense and have three previous convictions for a "violent felony or serious drug offense" are subject to an enhanced sentence under the ACCA.  18 U.S.C. § 924(e)(1).  A "violent felony" is "any crime punishable by imprisonment for a term exceeding one year" that:

> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
> (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*[.]   *Id.* § 924(e)(2)(B) (emphasis added).  The italicized portion is known as the "residual clause."

- 3 -

for crimes of violence, which are defined in § 4B1.2(a)(2).[3]  While the residual clause of U.S.S.G. § 4B1.2(a)(2) defines a "crime of violence" in the same manner that the ACCA defines the term, provisions of the Sentencing Guidelines are not subject to the same due process challenge as the ACCA.  *United States v. Matchett*, 802 F.3d 1185, 1193–95 (11th Cir. 2015) (finding that the vagueness doctrine does not apply to the residual clause in the Sentencing Guidelines); *see also United States v. Smith*, 73 F.3d 1414, 1418 (6th Cir. 1996) (Sentencing Guidelines are not subject to challenge based on a claim of void for vagueness). Thus, while the residual clause of the ACCA may be void for vagueness, the residual clause in U.S.S.G. § 4B1.2(a) is not.[4]

Because the holding in *Johnson* does not apply to Stevens' sentence, the period of limitation did not run from the date on which *Johnson* was decided, but rather from the date on which Stevens' conviction became final, which was when the Supreme Court declined to issue him a writ of *certiorari* in 2009.  *See* 28 U.S.C. § 2255(f)(1); *Johnson v. United States*, 246 F.3d 655, 657 (6th Cir. 2001).  Therefore, his motion to vacate is untimely.  Stevens has not demonstrated (or even alleged) that he is entitled to equitable tolling.  *Vroman v. Brigano*, 346 F.3d 598, 604 (6th Cir. 2003).  As a result, the Court will deny his § 2255 motion as untimely.

---

[3]     Stevens' prior convictions included attempted assault and burglary.  [Record No. 70, p. 9] In the present motion, he does not argue that his conviction for attempted assault fails to qualify as a predicate offense under U.S.S.G. § 4B1.2(a).

[4]     While *United States v. Darden* remanded a case involving the residual clause of the Sentencing Guidelines for reconsideration in light of *Johnson*, it did not hold that the residual clause of the Sentencing Guidelines is unconstitutional.  605 F. App'x 545, 546 (6th Cir. 2015).

Even if the Court were to consider Stevens' motion on the merits, it would still deny the requested relief.   As mentioned above, *Johnson* does not establish that Stevens was sentenced in violation of the Constitution or federal law.   28 U.S.C. § 2255(a).   However, Stevens also argues that his sentence is subject to collateral attack because his prior conviction for burglary does not meet the definition of a "crime of violence" in the Sentencing Guidelines.   [Record No. 79-1, pp. 7–9]   Stevens avers that Ohio's definition of burglary does not align with the Sentencing Guidelines' "generic burglary" definition because it applies to structures other than "buildings."   *See United States v. Holycross*, 333 F. App'x 81, 85 (6th Cir. 2009) (comparing Ohio's definition of burglary with the ACCA's definition of "generic burglary").   [*Id.*, p. 8]   However, Ohio's burglary statute falls within the residual clause of U.S.S.G. § 4B1.2(a)(2) because it "otherwise involves conduct that presents a serious potential risk of physical injury to another."   *United States v. Skipper*, 552 F.3d 489, 492 (6th Cir. 2009).   As a result, Ohio's definition of burglary does not need to correspond to the Sentencing Guidelines' definition of burglary.   In summary, Stevens' prior burglary conviction qualifies as a predicate offense under the residual clause of U.S.S.G. § 4B1.2(a)(2), and it is constitutionally valid in spite of *Johnson*, 135 S. Ct. at 2557.

Although Stevens did not request an evidentiary hearing on his motion, the Court notes that he is not entitled to a hearing because "the files and records of the case conclusively show that [he] is entitled to no relief."   28 U.S.C. § 2255(b).   Further, Stevens presents a legal, rather than a factual, dispute.   *See Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007).

- 5 -

Additionally, the Court will not issue a Certificate of Appealability.  To obtain a Certificate of Appealability, the petitioner must make a substantial showing of the denial of a constitutional right.  *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000).  When the Court's denial of relief is based solely on procedural grounds, a Certificate of Appealability "should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Id.* at 484.  When the Court denies relief on the merits, the petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Id.*

Here, jurists of reason would not find this Court's procedural determination fairly debatable.  Nor would reasonable jurists find the Court's assessment of the constitutional claim debatable or wrong.  Because Stevens has not made a substantial showing of the denial of a constitutional right, the Court will not issue a Certificate of Appealability.   Accordingly, it is hereby

**ORDERED** as follows:

1.     Defendant William Stevens' motion to vacate his sentence under 28 U.S.C. § 2255 [Record No. 79] is **DENIED**, and this matter is **DISMISSED**, with prejudice, from the Court's docket.

2.     The Court **DECLINES** to issue a Certificate of Appealability on any issue.

3.     A judgment in favor of the United States shall issue this date.

This 21ˢᵗ day of December, 2015.



Signed By:

*Danny C. Reeves* DCR

**United States District Judge**